# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**CATHERINE COLFORD, an individual,**

        **Plaintiff,**

**-vs-**                                         **Case No.  2:10-cv-758-FtM-99DNF**

**FLORIDA DEPARTMENT OF TRANSPORTATION, an agency of the State of Florida,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause is before the Court on Defendant, Florida Department of Transportation's Supplemental Motion to Dismiss.  (Doc. 28).  Defendant argues that Plaintiff, Catherine Colford, lacks standing to pursue this claim.  (Doc. 28).  Plaintiff filed a Response (Doc. 30) on July 6, 2012.  Plaintiff contends that the Trustee released the case to her.  (Doc. 30 p. 2).

Plaintiff filed a Complaint (Doc. 1) against Defendant on December 15, 2010, and subsequently filed an Amended Complaint (Doc. 17) on December 19, 2011, under the False Claims Act, Florida's Whistleblower Statute, the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, and the Florida Civil Rights Act of 1992.  (Doc. 17 ¶ 1).

Plaintiff worked for Defendant as a Construction Project Manager in its Sarasota, Florida, office beginning in December 2004.  (Doc. 17 ¶ 10).  Governor Jeb Bush granted Plaintiff whistleblower status in 2005.  (Doc. 17 ¶19).  Plaintiff filed a complaint with the Florida Department

of Transportation (FDOT) District 1 Secretary in 2005 regarding the misappropriation of funds which FEMA had allocated to Defendant. (Doc. 17 ¶ 20). Plaintiff also testified in the Inspector General's subsequent investigations into Defendant. (Doc. 17 ¶ 21). Plaintiff alleges that Defendant then discriminated and retaliated against her. (Doc. 17 ¶ 27). Plaintiff asserts that Defendant's discriminatory and retaliatory conduct caused her to develop a general anxiety disorder and post traumatic stress disorder. (Doc. 17 ¶ 33). Defendant terminated Plaintiff on January 7, 2010, allegedly for conduct unbecoming of a state employee. (Doc. 17 ¶ 60). The Florida Department of Management Services determined on May 11, 2010, that Plaintiff had not engaged in wrongdoing and should be reinstated. (Doc. 17 ¶ 62). Defendant offered Plaintiff a job in Arcadia, Florida, on June 7, 2010, which Plaintiff contends was not in line with the Florida Department of Management Services' decision. (Doc. 17 ¶ 65-66). Plaintiff then accessed her retirement savings plan and withdrew approximately $20,000. (Doc. 17 ¶ 70). Plaintiff began work at the Arcadia position on August 4, 2010. (Doc. 17 ¶ 72). Plaintiff was terminated on January 7, 2011, because Plaintiff was precluded from being employed by a state employer for six months after accessing her retirement funds. (Doc. 17 ¶ 78).

Plaintiff informed the Court that she had a pending bankruptcy action. (See, Doc. 27). The Court reviewed the docket in case 9:11-bk-14298-JPH and notes that Plaintiff filed a Chapter 7 bankruptcy in the U.S. Bankruptcy Court for the Middle District of Florida on July 28, 2011. Defendant claims that Plaintiff lacks standing to pursue this claim because "[a] pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and therefore, only the trustee in bankruptcy has standing to pursue it." (Doc. 28 p. 2). Diane L. Jensen, the Trustee in Bankruptcy of Plaintiff, filed a Notice of Abandonment as to the claims in the present case on July 18, 2012, stating that the

"Abandonment will be final on August 8, 2012." (Doc. 33 p. 1). Plaintiff contends that the Trustee released the case to her. (Doc. 30 p. 2).

The party invoking federal jurisdiction has the burden of proving standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "[E]ach element of standing must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of litigation. Therefore, when standing becomes an issue on a motion to dismiss, general factual allegations of injury resulting from the defendant's conduct may be sufficient to show standing." *Bischoff v. Osceola Cnty., Fla.*, 222 F.3d 874, 878 (11th Cir. 2000) (internal quotation marks omitted) (quoting *Lujan*, 504 U.S. at 561).

Section 541 of the Bankruptcy Code provides that causes of action belonging to a debtor become the property of the Chapter 7 bankruptcy estate when a bankruptcy petition is filed. *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004) (citations omitted). Generally, only the trustee in bankruptcy then has standing to pursue the pre-petition cause of action. *Id*. (citing *Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1292 (11th Cir. 2003)). "Once an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned back to the debtor pursuant to § 554 of the Bankruptcy Code." *Id*. (citing 11 U.S.C. § 554(a)-(c)).

Plaintiff's cause of action against Defendant became the property of the bankruptcy estate when she filed for bankruptcy. At that time only the Trustee in Bankruptcy had standing to pursue Plaintiff's claim. However, the Trustee filed a Notice of Abandonment (Doc. 33) and abandoned the claims in Plaintiff's lawsuit against Defendant back to Plaintiff as of August 8, 2012. Upon review

of the bankruptcy docket, no responses were filed to the Notice of Abandonment. Therefore, Plaintiff now has standing to proceed with her claims against Defendant.

**IT IS RESPECTFULLY RECOMMENDED**:

That the Supplement to Defendant's Motion to Dismiss (Doc. 28) be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this   17th    day of August, 2012.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE


Copies: All Parties of Record