**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

**CATHERINE COLFORD, an individual,**

        **Plaintiff,**

-vs-                                              Case No. 2:10-cv-758-FtM-99DNF

**FLORIDA DEPARTMENT OF**
**TRANSPORTATION, an agency of the**
**State of Florida,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 19) filed on January 19, 2012. Plaintiff's attorney filed a Motion to Withdraw (Doc. 22) on February 22, 2012, which was granted on March 12, 2012. Plaintiff subsequently filed a Response to Order to Show Cause (Doc. 27) requesting to proceed *pro se* and a continuance of 180 days to retain counsel. The Court granted plaintiff's request to proceed *pro se*, but denied her request for a continuance. (Doc. 32.) On September 5, 2012, the Court entered an Endorsed Order which allowed plaintiff until October 3, 2012 in which to file a response to the Motion to Dismiss Plaintiff's Amended Complaint. Plaintiff has failed to file a response and the time has passed.[1]

---

[1] This case has been delayed due to issues regarding plaintiff's pending bankruptcy case. It took some time to resolve whether the bankruptcy trustee was abandoning this action so that plaintiff could proceed on her own behalf. On July 18, 2012, the bankruptcy trustee filed a Notice of Abandonment (Doc. 33) which became final on August 8, 2012. Thereafter, plaintiff was proceeding on her own behalf.

## I. Background

The facts alleged in the Amended Complaint are as follows: Plaintiff Catherine Colford (plaintiff) began working for the Florida Department of Transportation (FDOT or defendant) as a Construction Project Manager in its Sarasota, Florida, office in December 2004. (Doc. 17 ¶ 10.) Plaintiff filed a complaint with the FDOT District 1 Secretary in 2005 regarding the misappropriation of funds which FEMA had allocated to defendant and was granted whistleblower status by Governor Jeb Bush. (Doc. 17 ¶¶ 19-20.) Plaintiff also testified in the subsequent investigations by the Inspector General. (Doc. 17 ¶ 21.) As a result of the investigation, plaintiff alleges that she was subjected to discriminatory and retaliatory conduct by defendant. (Doc. 17 ¶ 27).

Plaintiff asserts that defendant's discriminatory and retaliatory conduct, including gender discrimination, caused her to develop a general anxiety disorder and post-traumatic stress disorder (PTSD). (Doc. 17 ¶¶ 29, 33.) Plaintiff alleges that she notified defendant about her condition and requested that a non-biased person be present when she had to interact with a male supervisor, but no accommodations were made. (Doc. 17 ¶ 40.) Defendant attempted to terminate plaintiff on August 20, 2009, and, as a result, plaintiff filed a charge with the Equal Employment Opportunity Commission on November 2, 2009, alleging that she has been discriminated against due to her gender and disability. (Doc. 17 ¶¶ 55, 58; Exh. E.) Defendant terminated plaintiff on January 7, 2010, allegedly for conduct unbecoming of a state employee. (Doc. 17 ¶ 60.) Plaintiff subsequently filed an appeal and the Florida Department of Management Services determined on May 11, 2010, that plaintiff had not engaged in wrongdoing and should be reinstated. (Doc. 17 ¶ 62.)

Defendant offered plaintiff a job in Arcadia, Florida, on June 7, 2010, which plaintiff contends was not in line with the Florida Department of Management Services' decision. (Doc. 17 ¶ 65-66.) Prior to accepting the position in Arcadia on August 4, 2010, plaintiff accessed her retirement savings plan and withdrew approximately $20,000. (Doc. 17 ¶¶ 70-72.) Plaintiff was terminated on January 7, 2011, and filed an appeal with the Public Employee Relations Commission (PERC) on January 26, 2011, to determine if she was terminated with cause. (Doc. 17 ¶¶ 75-77.) The PERC Hearing Officer concluded that plaintiff was precluded from being employed by a state employer for six months after accessing her retirement funds. (Doc. 17 ¶ 78).

The current action was filed prior to plaintiff's final termination and alleges ten counts based on federal and state law and are as follows: (1) violation of the False Claims Act; (2) violation of Fla. Stat. § 448.102, Florida's Private Whistleblower Act; (3) violation of Title VII of the Civil Rights Act of 1964, Gender Discrimination; (4) violation of the Florida Civil Rights Act of 1992, Gender Discrimination; (5) violation of the Americans with Disabilities Act; (6) violation of the Florida Civil Rights Act of 1992, disability discrimination; (7) hostile work environment based on gender under Title VII; (8) hostile work environment based on disability under Title VII; (9) hostile work environment based on gender in violation of Fla. Stat. § 760; and (10) work environment based on disability in violation of Fla. Stat. § 760. (Doc. 17.)

**II. Standard of Review**

In deciding a Rule 12(b)(6) motion to dismiss, the court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Thus, the Court must accept all factual allegations in the complaint as true and take them in the light most favorable to the plaintiff.

*Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (discussing a 12(b)(6) dismissal); *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the *Twombly-Iqbal* plausibility standard when reviewing a complaint subject to a motion to dismiss. *Randall v. Scott*, 610 F.3d 701, 708 n.2 (11th Cir. 2010). A claim is plausible when the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Marsh*, 268 F.3d at 1036 n.16. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Thus, "the-defendant-unlawfully-harmed-me accusation" is insufficient. *Iqbal*, 556 U.S. at 678. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*.

A complaint must satisfy the pleading requirements of Fed. R. Civ. P. 8 by simply giving the defendants fair notice of what the plaintiff's claims are and the grounds upon which they rest. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

**III. Shotgun Pleading**

Defendant asserts that the Amended Complaint constitutes a shotgun pleading because it is repetitious and convoluted. (Doc. 19 ¶ 34.) The Amended Complaint is forty-six pages long, contains three hundred paragraphs, ten enumerated counts, and seven attached exhibits. (Doc. 17.)

The Court has painstakingly reviewed the Amended Complaint, as well as the arguments raised in the Motion to Dismiss, and concludes that plaintiff has filed what amounts to an impermissible shotgun pleading. Although the Amended Complaint may not fit the traditional description of a shotgun pleading,[2] the Eleventh Circuit has held that "[t]he failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1129-30 (11th Cir. 2001)). Specifically, the Amended Complaint "completely disregards Rule 10(b)'s requirement that discrete claims should be plead separate counts . . . ." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (citing *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366-67 (11th Cir. 1996)).

For instance, Count II of the Amended Complaint is titled "Violation of Florida Statute § 448.102; Florida's Private Whistleblower Act," but also alleges violations of Fla. Stat. § 112.3178-31895, Florida's Public Whistleblower Act, and Fla. Stat. § 760.10(7). It is impossible to discern if plaintiff cites to these statutes merely for reference or intends to state an additional claim for relief. The statutes have distinct requirements and different statutes of limitations, leaving the defendant to

---

[2] A typical shotgun pleading is a pleading that "incorporate[s] every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). As a result, most of the counts in a typical shotgun complaint "contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).

guess what it is being called to defend. *See* Fla. Stat. §§ 112.3187(8), 448.103. Plaintiff also asserts that defendant retaliated against her throughout the Amended Complaint in violation of both Federal and State law (Doc. 17 ¶¶ 159, 177, 200, 228), but it is unclear if she attempting to assert additional claims for retaliation. The elements of a retaliation claim are different from the claims asserted and should be plead in a separate count.

The Eleventh Circuit has routinely and explicitly condemned "shotgun pleadings," *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 n.54 (11th Cir. 2008), and has stated that a district court should require the party to file an amended complaint rather than allow such a case to proceed to trial. *Byrne*, 261 F.3d at 1133. Accordingly, it is recommended that the Motion to Dismiss Plaintiff's Amended Complaint be granted, and plaintiff be given leave to file a second amended complaint.

**IT IS RESPECTFULLY RECOMMENDED:**

That Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 19) be **granted** based on the Amended Complaint being a shotgun pleading, and that plaintiff be given leave to file a second amended complaint.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __15th__ day of November, 2012.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record